**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01510-JAR |
| | ) | |
| GEICO CASUALTY COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand the case to state court and for the award of costs and attorney's fees. ECF No. 16. For the reasons set forth below, the Court will grant the motion.

## I. Background

Plaintiff Jesse Jackson and Defendant Rayna Thompson, both Missouri citizens, were involved in a car accident. Thompson's insurer, Defendant GEICO Casualty Company, denied coverage, asserting that Thompson's policy had been cancelled five days prior to the accident due to her nonpayment of the premium.

Jackson retained attorney Matthew O'Grady to pursue a personal injury claim against Thompson. After initiating contact with Thompson, O'Grady agreed to represent her as well. Jackson and Thompson then formed an agreement pursuant to Mo. Rev. Stat. § 537.065 in which Thompson assigned to Jackson all of her claims against GEICO. ECF No. 1-1 at 10. Thompson further agreed to "remain a defendant in any future Lawsuit" filed by Jackson, and to reject any attempts by GEICO to indemnify her for Jackson's claims. *Id.*

The claim proceeded to arbitration, where the arbitrator issued a $1,000,000 award in favor of Jackson. After the award was confirmed by judgment, Jackson filed a lawsuit against GEICO and Thompson pursuant to Mo. Rev. Stat. § 379.200, asserting claims of equitable garnishment and bad faith refusal to settle. GEICO removed that action to this Court in 2022. To circumvent the lack of complete diversity between the parties, GEICO argued that Thompson had been fraudulently joined. GEICO asserted that Jackson's equitable garnishment claim would fail because GEICO had not received written notice of the Section 537.065 agreement, nor had the insurer given written consent to the arbitration proceeding as required by Mo. Rev. Stat. § 435.415.2. This Court remanded the case to state court, declining to decide the merits of GEICO's defenses on a motion to remand. *Jackson v. GEICO Cas. Co.*, 22-cv-01177, 2023 WL 2455635, at *2 (E.D. Mo. Mar. 10, 2023). On remand, Jackson voluntarily dismissed the action without prejudice one day before trial and refiled his claims in St. Louis County court on August 23, 2026. ECF No. 1-1 at 1. GEICO removed the action to this Court, renewing its argument that the Court can exercise diversity jurisdiction because Thompson has been fraudulently joined.

## II. Discussion

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The removing defendant bears the burden of proving by a preponderance of the evidence that federal jurisdiction is proper. *Id.* at 620. To remove an action based on diversity jurisdiction, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

Where, as here, the requirement of complete diversity is not satisfied, the Court may retain jurisdiction if the non-diverse defendant has been fraudulently joined. *See Wivell v. Wells*

*Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014). Joinder is fraudulent when "a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620. The Court examines whether "applicable state precedent precludes the existence of a cause of action against a defendant" when evaluating joinder. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

To prove that the plaintiff fraudulently joined a non-diverse defendant, the defendant seeking removal must prove that the plaintiff's claim against that defendant has "no reasonable basis in fact and law." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla*, 336 F.3d at 810). However, if the state law might impose liability under the facts alleged, joinder is not fraudulent. *Filla*, 336 F.3d at 810. All doubts regarding federal jurisdiction should be resolved in favor of remanding the case to state court. *Knudson*, 634 F.3d at 975.

**Equitable Garnishment**

Missouri's equitable garnishment statute, Mo. Rev. Stat. § 379.200, allows an injured party to reach and apply insurance money to satisfy a judgment. If the judgment is not satisfied within thirty days after it is rendered, the injured party may "proceed in equity against the defendant and the insurance company." *Id.* In a proceeding for equitable garnishment, the injured party "stands in the shoes" of the insured to collect from the insurer. *Smith v. Progressive Cas. Ins. Co.*, 61 S.W.3d 280, 283 (Mo. Ct. App. 2001). Because the injured party's rights are derivative, the insurer may raise defenses it would have against the insured. *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 260 (8th Cir. 1993) (per curiam).

GEICO presents several arguments to support its contention that Jackson's equitable garnishment claim is not viable. The insurer submits that Thompson waived GEICO's duty of indemnification, that Mo. Rev. Stat. §§ 435.415.2 and 537.065.2 each preclude the equitable

garnishment claim, that Jackson must instead bring a breach of contract claim, and that the judgment obtained through arbitration is void due to a conflict of interest. The Court is particularly troubled by the notion that O'Grady represented both Jackson and Thompson in the underlying proceedings, as such joint representation appears to constitute an unwaivable concurrent conflict of interest. *See* Mo. S. Ct. R. 4-17(a), (b)(3). However, addressing the apparent conflict's impact on the validity of the underlying judgment would require the Court to decide the merits of the parties' claims and defenses on a motion to remand. The same is true of GEICO's other contentions, each of which are merits arguments recast as arguments for fraudulent joinder. As it did the first time that GEICO sought removal, the Court declines to "step from the threshold jurisdictional issue into a decision on the merits" at this early stage. *T.F. v. BB St. Louis, LLC*, No. 20-cv-1526, 2021 WL 494795, at *3 (E.D. Mo. Feb. 10, 2021); *see also Jackson*, 2023 WL 2455635, at *2; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990) (explaining that "in the guise of deciding whether the joinder was fraudulent," a district court may not "step[] from the threshold jurisdictional issue into a decision on the merits").

In the alternative, GEICO contends that Thompson is a nominal defendant or should be realigned as a plaintiff. GEICO submits that Section 379.200 does not require Thompson to be joined, but courts have consistently interpreted the statute as requiring judgment creditors to proceed against both the insured and the insurance company. *See Glover*, 984 F.2d at 260–61; *see also Palmer v. Nash*, No. 25-cv-392, 2025 WL 2959226, at *2 (E.D. Mo. Oct. 20, 2025) (noting that the plaintiff "had no choice but to join" the non-diverse insured party); *G.T. v. Liberty Mut. Fire Ins. Co.*, No. 25-cv-128, 2025 WL 1797446, at *3 (E.D. Mo. June 26, 2025) (similar); *Fowler v. STL Trucking, LLC*, No. 22-cv-00955, 2022 WL 17829837, at *3 (E.D. Mo. Dec. 21, 2022) (similar). The Eighth Circuit explained that requirement in *Glover*, reasoning that

"[b]ecause the insurer is entitled … to assert any defenses it has against the insured," there is "good reason to require that the judgment debtor be joined in the statutory action," even where joinder would destroy diversity jurisdiction. 984 F.2d at 261. "Pursuant to the plain language of § 379.200 and longstanding Eighth Circuit precedent," Jackson was required to join Thompson as a defendant in his equitable garnishment action. *Jackson*, 2023 WL 2455635, at *2. Therefore, she is neither a nominal defendant nor improperly aligned. *See G.T.*, 2025 WL 1797446, at *3; *Fowler*, 2022 WL 17829837, at *3.

Finally, GEICO submits that if Section 379.200 does require joinder, it unconstitutionally curtails removal in violation of the Supremacy Clause. The Court disagrees. Although "states may not limit federal jurisdiction by passing restrictive statutes," *Mullen v. Academy Life Insurance Co.*, 705 F.2d 971, 975 (8th Cir. 1983), Mo. Rev. Stat. § 379.200 does not operate as a direct restriction on federal courts' jurisdiction. Instead, it creates a mechanism by which an injured party may reach insurance proceeds to satisfy a judgment. That the injured party and the insured or the insurer may be citizens of the same state does not render the state statute unconstitutional. *See Glover*, 984 F.2d at 261 (recognizing that joinder pursuant to Mo. Rev. Stat. § 379.200 would destroy diversity jurisdiction without questioning the constitutionality of the statute); *cf. Kuhn v. Nat'l Ass'n of Letter Carriers, Branch 5*, 528 F.2d 767, 771 n.6 (8th Cir. 1976) (noting that there is no absolute right to have a state claim tried in federal court). *City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310 (11th Cir. 2012), the case on which GEICO relies, does not require a contrary conclusion. There, the Eleventh Circuit realigned the insured in an equitable garnishment action but did not hold that the similar Alabama statute at issue was unconstitutional. *Id.* at 1314–15. The Court similarly declines to invalidate Section 379.200 here.

For the foregoing reasons, Thompson was not fraudulently joined in this action. Therefore, this Court lacks jurisdiction, and the case must be remanded to state court.

**Attorney's Fees**

Finally, Plaintiff asks the Court to award attorney's fees and costs incurred due to removal. Under 28 U.S.C. § 1447(c), this Court has discretion to award costs and expenses where the moving party lacks an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Although GEICO's legal theories for removal are again unavailing, the Court does not find them entirely frivolous. In particular, the Court reiterates its serious concern regarding Plaintiff's counsel's apparent conflict of interest in representing both Plaintiff and Defendant Thompson at some point in the underlying action. The Court therefore declines to award attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Jackson's motion to remand is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the County of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED**.

Dated this 9th day of November, 2026.

John A. Ross

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE